# NO. 20-

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## IN RE CHRISTOPHER JAIME CARDENAS,

### *Defendant-Movant.*

_____

## MOTION FOR AUTHORIZATION TO FILE A
## SUCCESSIVE MOTION TO VACATE UNDER 28 U.S.C. § 2255

_____

James Scott Sullivan
LAW OFFICES OF J. SCOTT SULLIVAN
22211 I.H. 10 West, Suite 1206
San Antonio, Texas   78257
Telephone:   (210) 722-2807
Facsimile:    (210) 698-9373
*Counsel for Mr. Cardenas*

# <u>CERTIFICATE OF INTERESTED PERSONS</u>

### *In re Christopher Jaime Cardenas,*
### No. _____

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1.  Christopher Jaime Cardenas, Defendant-Movant;

2.  The Honorable Ryan Patrick, United States Attorney for the Southern District of Texas;

3.  Graciela Rodriguez Lindberg, Assistant United States Attorney, who represented the United States in the District Court;

4.  Francisco Javier Montemayor, Jr., defense counsel, who represented Defendant-Movant in the District Court;

5.  James Scott Sullivan, counsel who represents Defendant-Movant on this motion;

6.  Carmen Castillo Mitchell, Assistant United States Attorney, who represents the United States on this motion;

7.  The Honorable Diana Saldana, United States District Judge for the Southern District of Texas, Laredo Division, who presided over the District Court proceedings in this matter.

This certificate is made so that the Judges of this Court may evaluate possible disqualification or recusal.

/s/ *James Scott Sullivan*
James Scott Sullivan

i

## **STATEMENT REGARDING ORAL ARGUMENT**

Because the authorization decision is preliminary, counsel for Mr. Cardenas does not anticipate the need for oral argument.  However, given the unreviewable nature of a denial of authorization, Mr. Cardenas requests oral argument in the event the Court is otherwise inclined to deny this motion for authorization.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS..............................................................i

STATEMENT REGARDING ORAL ARGUMENT.. ..................................................ii

TABLE OF CONTENTS...........................................................................................iii

TABLE OF AUTHORITIES................................................................................iv-vi

JURISDICTIONAL STATEMENT..............................................................................1

STATEMENT OF THE ISSUES..................................................................................1

STATEMENT OF THE CASE................................................................................2-4

SUMMARY OF THE ARGUMENT.......................................................................4-5

ARGUMENT..........................................................................................................5-12

CONCLUSION AND PRAYER...................................................................................13

CERTIFICATE OF SERVICE....................................................................................13

ELECTRONIC CERTIFICATION..............................................................................14

CERTIFICATE OF COMPLIANCE...........................................................................14

# TABLE OF AUTHORITIES

## Cases:

*In re Dixon,* No. 19-10760,
     2020 WL 1673228, at \*7 (5th Cir. Apr. 3, 2020)..........................................4, 10

*In re Sparks,* 657 F.3d 258, 262 (5th Cir. 2011).....................................................6, 12

*In re Young,* 789 F.3d 518, 525 (5th Cir. 2015).......................................................6, 12

*Johnson v. United States,* 135 S. Ct. 2551 (2015).........................................................8

*Knight v. United States,* 936 F.3d 495, 497 (6th Cir. 2019)........................................10

*Loughrin v. United States,* 134 S. Ct. 2384, 2391 (2014).........................................9-10

*Reyes-Requena v. United States,* 243 F.3d 893, 899 (2001)..........................4-6, 11-12

*Schriro v. Summerlin,* 542 U.S. 348 (2004)............................................................6, 8

*Sessions v. Dimaya*, 138 S. Ct. 1204 (2015).................................................................11

*Teague v. Lane,* 489 U.S. 288 (1989)............................................................................3

*Tyler v. Cain,* 533 U.S. 656, 662 (2001)...................................................................6, 8

*United States v. Brazier,* 933 F.3d 796, 800-01 (7th Cir. 2019)...................................10

*United States v. Cardenas,* No. 08-401861 (5th Cir. June 22, 2010)............................2

*United States v. Davis,* 139 S. Ct. 2319 (2019)..............................................1, 2-4, 6-11

*United States v. Gillis,* 938 F.3d 1181, 1204-05 (11th Cir. 2019)..............................10

*United States v. Hopper,* 723 F. App'x 645, 646 (10th Cir. 2018).............................10

*United States v. Reece,* 938 F.3d 630, 631-35 (5th Cir. 2019)................................7, 11

*United States v. Walker,* 934 F.3d 375, 378-79 (4th Cir. 2019)....................................10

*United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018)................................8, 9

*Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).....................................................3

*Williams v. United States,* 927 F.3d 427, 435 (6th Cir. 2019) .......................................9

## Statutes:

18 U.S.C. § 924(c)................................................................................2, 5, 7, 8, 10-12

18 § 924(c)(3)(B)..........................................................................3, 6, 8, 9, 11, 13

28 U.S.C. § 2244(b)(1)............................................................................................9-11

28 U.S.C. § 2244(b)(2)..............................................................................................9

28 U.S.C. § 2244(b)(2)(A).........................................................................................7

28 U.S.C. 2244(b)(3)(C)............................................................................................5

28 U.S.C. § 2255.................................................................................3, 4, 5, 7, 9

28 U.S.C. § 2255(c)..................................................................................................5

28 U.S.C. § 2255(h)............................................................................................5, 11

28 U.S.C. § 2255(h)(2)..................................................................................1, 4, 5, 7, 9

## Rules:

FED. R. APP. P. 27(d)(2)(A)....................................................................................14

FED. R. CIV. P. 60(b)(4)-(6).......................................................................................3

5TH CIR. R. 25.2.1 ........................................................................14

5TH CIR. R. 25.2.13 ......................................................................14

5TH CIR. R. 32.3 ...........................................................................14

## **JURISDICTIONAL STATEMENT**

This Court has original jurisdiction to consider this motion under 28 U.S.C. § 2255(h)(2).

## **STATEMENT OF THE ISSUES**

Whether Mr. Cardenas's motion for authorization "contains" the new rule of constitutional law announced in *United States v. Davis,* 139 S. Ct. 2319 (2019).

## <u>STATEMENT OF THE CASE</u>

### I.
#### <u>Procedural History</u>

On August 13, 2007, a federal jury returned a guilty verdict against Mr. Cardenas on 3 counts: conspiracy to commit kidnaping, kidnaping, and a violation of 18 U.S.C. § 924(c) (sometimes referred to as "the gun count"). (Exhibit 9). On March 3, 2008, the District Court entered a Judgment against Mr. Cardenas, sentencing him to 235 months on the kidnaping counts and 84 months on the gun count, to run consecutively with the 235 months. *Id.* In the Judgment, the Court described the gun count as "aiding and abetting, carried and discharged a firearm." *Id.*

On direct appeal, this Court affirmed and found the evidence was sufficient and found no reversible error in the Court's instructions to the jury or in the admission of certain evidence. *United States v. Cardenas,* No. 08-401861 (5th Cir. June 22, 2010) (Exhibit 10). This Court concluded "we cannot disturb the jury's finding that appellants knowingly and voluntarily participated in Solis's kidnaping." *Id.* at 6.

### II.
#### <u>*Davis* and Request for Assistance Preparing this Motion</u>

Subsequently, Mr. Cardenas filed a number of collateral challenges to his conviction and sentence. On June 21, 2016, Mr. Cardenas filed a pro se motion to

vacate under 28 U.S.C. § 2255. (Exhibit 2). The District Court denied the motion. (Exhibit 3).

On June 18, 2018, Mr. Cardenas filed a motion for relief from the above order pursuant to FED. R. CIV. P. 60(b)(4)-(6) based on newly-decided authorities from the United States Supreme Court and other circuits. (Exhibit 4). One year later, on June 11, 2019, the District court denied the motion. (Exhibit 5).

Approximately one month later, on July 9, 2019, the District Court issued an advisory informing Mr. Cardenas that he "may now be eligible" for 28 U.S.C. § 2255 relief. (Exhibit 6). Specifically, the District Court explained:

> Less than two weeks after the Court denied Petitioner's motion for relief from judgment, the Supreme Court struck down § 924(c)(3)(B)'s definition of "crime of violence" as unconstitutionally vague in *United States v. Davis,* No. 18-431, slip op. at 24-25 (June 24, 2019) [published at *United States v. Davis,* 139 U.S. 2319, 2336-337 (2019)]. Although the Court did not expressly state that its holding applies retroactively to cases on collateral review, the Court's retroactivity jurisprudence suggests that it does. *See Welch v. United States,* 136 S. Ct. 1257, 1265 (2016) (explaining that decisions "that narrow the scope of a criminal statute by interpreting its terms" or "place particular conduct or persons covered by the statute beyond the State's power to punish" apply retroactively under the framework established in *Teague v. Lane,* 489 U.S. 288 (1989)).

> Accordingly, Defendant is hereby ADVISED that he may now be eligible for § 2255 relief. The Clerk of Court is DIRECTED to mail Petitioner a copy of this advisory and a copy of the Supreme Court's

opinion in *United States v. Davis* by Federal Express at the address
indicated in Petitioner's most recent filing.

*Id.* (updated citation to *Davis* added).

On July 19, 2019, Mr. Cardenas filed a Motion to Appoint Attorney to assist

him based on the holding in *Davis*. (District Court docket no. 587). After Mr.

Cardenas submitted documentation supporting his need for appointed counsel, the

undersigned was appointed on August 29, 2019. (Exhibit 7). Mr. Cardenas now files

this motion for authorization to file a successive motion to vacate sentence under 28

U.S.C. § 2255. (Proposed successive motion attached at Exhibit 1).

## SUMMARY OF THE ARGUMENT

Mr. Cardenas respectfully submits that this Court should grant the requested

authorization for two reasons. First, the claim Mr. Cardenas seeks to raise below

"contains" and "relies on" a "new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court, that was previously unavailable." 28

U.S.C. § 2255(h)(2). Second, while it is not proper to consider the final merits of his

claim at this early stage, Mr. Canales has met his *prima facie* burden of making

"simply a sufficient showing of possible merit to warrant a fuller exploration by the

district court." *In re Dixon,* No. 19-10760, 2020 WL 1673228, at *7 (5th Cir. Apr.

3, 2020) (quoting *Reyes-Requena v. United States,* 243 F.3d 893, 899 (2001)). In

*Dixon* this Court granted a motion to file a successive § 2255 where kidnaping was

the predicate offense on the § 924(c) count.  Hence, in this case there is a merits

question for the District Court to resolve, after the parties have an opportunity to

review the full record, including transcripts.

## ARGUMENT

### I.
### Standard of Review

Before filing a successive motion to vacate his sentence under 28 U.S.C. §

2255, a federal prisoner must obtain certification "by a panel of the appropriate court

of appeals" that his District Court motion contains "a new rule of law, made

retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable." 28 U.S.C. § 2255(h)(2).  To obtain this certification, a defendant is not

required to show that he is entitled to relief beyond all possible doubt.  This Court has

held that a movant must only make a "*prima facie* showing that the application

satisfies the requirements" of a successive motion.  *Reyes-Requena,* 243 F.3d at 899;

*see also* 28 U.S.C. 2244(b)(3)(C); 28 U.S.C. § 2255(h).  To this end, a movant must

show that the motion he seeks authorization to file will contain a (1) previously

unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive

by the Supreme Court to cases on collateral review.  28 U.S.C. 2255(h)(c); *see also*

*Tyler v. Cain,* 533 U.S. 656, 662 (2001) (discussing elements of proof for filing successive motion to vacate).

A defendant who "<u>might</u> be entitled to relief," as the District Court explained in this case, under a new Supreme Court decision is eligible for authorization to file a successive motion. *In re Sparks,* 657 F.3d 258, 262 (5th Cir. 2011) (emphasis added). Delving into the merits of, or defenses against, a proposed claim is not appropriate at this time. Instead, this Court should decide only whether Mr. Canales has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Young,* 789 F.3d 518, 525 (5th Cir. 2015) (quoting *Reyes-Requena,* 243 F.3d at 899)). Respectfully, Mr. Canales's proposed motion meets this standard.

## II.
### Mr. Canales's Proposed Application "Contains" and "Relies" on the New Substantive Constitutional Rule Announced in *Davis*

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2325-36. The rule in *Davis* is new, previously unavailable, and constitutional, and the Supreme court has "made it retroactive through a combination of holdings: *Davis* itself; *Schriro v. Summerlin,* 542 U.S. 348 (2004); and *Welsh v. United States,* 136 S. Ct. 1257, 1264-65 (2016).

A.
## The Rule in *Davis* is New, Constitutional, and Previously Unavailable

This Court recently held and agreed that *Davis* did in fact announce a new, constitutional, previously unavailable, substantive rule. *See United States v. Reece,* 938 F.3d 630, 631-35 (5th Cir. 2019). In *Reece*, this Court granted a federal inmate's § 2255 motion and vacated his § 924 conviction predicated upon conspiracy counts. *Id.* at 636.

Mr. Canales could not raise a vagueness challenge to his § 924(c) conviction at any time prior to *Davis.* He made the effort in a § 2255 motion, but it was dismissed by the District Court. (Exhibit 3).

Finally, the rule in *Davis* is a constitutional rule. It is based on the due process clause of the Fifth Amendment, and specifically the constitutional doctrine of vagueness. *Reece,* 935 F.3d at 632.

B.
## The Supreme Court "Made" the Rule in *Davis* Retroactive Through a Combination of Holdings

To succeed on a successive motion to vacate, Mr. Canales must show that the Supreme Court has "made" the rule in *Davis* retroactive. *See* 28 U.S.C. § 2244(b)(2)(A); *see also* 28 U.S.C. § 2255(h)(2). "Multiple cases can render a new

rule retroactive only if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler,* 533 U.S. at 666, 668-69 (O'Connor, J., concurring).

*Welsh* is the initial case establishing *Davis*'s retroactive effect. *See* 136 S. Ct. at 1264-65. Two holdings in *Welsh* are relevant: "First, new substantive rules generally apply retroactively." *Id.* at 1264 (quoting *Schriro,* 542 U.S. at 351). Second:

> [T]he rule announced in *Johnson v. United States,* 135 S. Ct. 2551 (2015) is substantive. By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes."

*Id.* at 1265 (quoting *Schriro,* 542 U.S. at 353)) (citation to *Johnson* added).

*Davis* is the final holding which demonstrates its own retroactivity, as a matter of reasonable analysis. The new rule announced in *Davis* is substantive because it struck down § 924(c)(3)(B)'s risk-of-force residual clause "as void for vagueness." *See* 139 S. Ct. at 2336. Thus, under the Supreme Court's retroactivity framework, *Davis* "changed the substantive reach" of 18 U.S.C. § 924(c). *See id.* Stated another way, *Davis* is "substantive" and retroactive and this is a matter of a reasoned analysis based on the holdings of *Welsh*, *Schriro*, and *Davis* itself.

This Court anticipated this in *United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018), which was cited with approval by the District Court in the order of June

-8-

11, 2019 denying relief before *Davis* was rendered.  (Exhibit 5).  In *Williams*, this

Court reasoned:

> If § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding
> may open the door to future collateral challenges to sentences rendered
> under that statute.  But that has not yet come to pass, so we cannot
> consider such a challenge at this time.

*Id.*

## C.
### Mr. Cardenas's Proposed Motion "*Contains*" and "*Relies On*" the Rule in *Davis*

As noted, to obtain certification for a successive § 2255 motion, Mr. Cardenas

must show this Court that his proposed application "contain[s] . . . a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  Section 244 uses

"relies on" rather than "contains," but if there is any difference between these two

standards, the § 2255 standard must control for federal prisoners.  *See United States*

*v. Villa-Gonzalez,* 208 F.3d 1160, 1164 n.4 (9th Cir. 2000) (per curium) ("[I]n the

context of a section 2255 motion, the phrase 'the requirements of this section' in [28

U.S.C.] section 2244(b)(4) refers to the requirements set out in section 2255, not [28

U.S.C.] section 2244(b)(2).");  *accord Williams v. United States,* 927 F.3d 427, 435

(6th Cir. 2019) (quoting *Loughrin v. United States,* 134 S. Ct. 2384, 2391 (2014)

("There is, accordingly, no reason to doubt that in including the restrictive clause referring exclusively to state prisoners in § 2244(b)(1), Congress said what it meant and meant what it said.") (internal quotation omitted)).

Mr. Cardenas can also show that it is more likely than not that the Court relied on 18 U.S.C. § 924(c)'s residual clause when convicting him, sentencing him under § 924(c), and refusing to grant relief before *Davis*. In the District Court judgment and on appeal, the kidnaping conviction and the "conspiracy" conviction are the actual § 924 predicates.

Mr. Cardenas submits that kidnaping is not a crime of violence for the purposes of an 18 U.S.C. § 924(c) count. Although the Fifth Circuit has not addressed this issue post-*Davis*, the Appellate Court recently granted a motion to file a successive writ where the predicate count was kidnaping on the ground that "several sister circuits" have held that kidnaping is not a crime of violence. *In re Dixon,* No. 19-10760, 2020 WL 1673228, at *7 (5th Cir. Apr. 3, 2020) (citing *United States v. Walker,* 934 F.3d 375, 378-79 (4th Cir. 2019); *Knight v. United States,* 936 F.3d 495, 497 (6th Cir. 2019); *United States v. Brazier,* 933 F.3d 796, 800-01 (7th Cir. 2019); *United States v. Hopper,* 723 F. App'x 645, 646 (10th Cir. 2018); *United States v. Gillis,* 938 F.3d 1181, 1204005 (11th Cir. 2019)).

The fact that one of the predicated counts in this case is a conspiracy count does not change the analysis. As this Court explained in *Reece*, a case which involved a conspiracy count:

> To convict Reece of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, Reece's conviction for conspiracy to commit bank robbery cannot be a COV under § 924(c)(3)'s elements clause. That the object crime of the conspiracy consisted a COV is irrelevant. We reached similar conclusions in other conspiracy-predicated § 924(c) cases after *Johnson, Sessions v. Dimaya*, 138 S. Ct. 1204 (2015), and *Davis*. Our sister circuits support this conclusion.

938 F.3d at 636 (citation to *Dimaya* added). Hence, because, as established above, kidnaping is not a crime of violence, the argument that the conspiracy count is not a crime of violence is that much more compelling.

To the extent that there might be any ambiguity in the record, the District Curt could not apply the 18 U.S.C. § 924(c) elements clause without resolving that ambiguity.

## III.
### Mr. Cardenas's Proposed Application Warrants Further Consideration by the District Court

While the text of 28 U.S.C. § 2244(b) and 28 U.S.C. § 2255(h) refer only to the *rule* contained and relied upon in a proposed application, this Court and others have construed the statute to permit a limited inquiry into the *merits* of the proposed claim.

-11-

*Reyes-Requena,* 243 F.3d at 899 (holding that successive applicant must make a "prima facie showing" meaning "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court."). Mr. Cardenas meets that standard.

It is now undisputed that § 924(c)'s residual clause violates the guarantee of due process in just the same way as the residual clauses in ACCA and § 16(b). All three share the same two "factual feature[s]": they "call[] for a court to identify a crime's 'ordinary case' in order to measure the crime's risk," and they display "uncertainty about the level of risk that makes a crime 'violent.'" *Dimaya,* 138 S. Ct. at 1215.

Additionally, the District Court's judgment states that Mr. Cardenas was convicted of conspiracy and kidnaping, and that those counts were the predicates for a crime of violence. To the extent the indictment creates any ambiguity about that issue, then the District Court should resolve these doubts after the parties have had a chance to file appropriate briefs. Mr. Cardenas can at least show sufficient "*possible* merit to warrant a fuller exploration by the district court." *In re Young,* 789 F.3d at 525 (emphasis added).

In sum, all of this represents a "showing of *possible* merit to warrant a fuller exploration by the district court." *Id.* (emphasis added). It certainly shows that Mr. Cardenas "might be entitled to relief." *In re Sparks,* 657 F.3d at 262.

## **CONCLUSION AND PRAYER**

For the reasons stated above, Mr. Cardenas respectfully requests that this Court enter an order granting authorization to file a successive motion to vacate his conviction and sentence under 18 U.S.C. § 924(c)(3)(B).

Respectfully submitted,

/s/ *James Scott Sullivan*
James Scott Sullivan
LAW OFFICES OF J. SCOTT SULLIVAN
22211 I.H. 10 West, Suite 1206
San Antonio, Texas 78257
Telephone: (210) 722-2807
Telecopier: (210) 698-9373
Email: ssullivan18@satx.rr.com
*Counsel for Mr. Cardenas*

## **CERTIFICATE OF SERVICE**

On this the 17th day of April, 2020, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. I also emailed a separate copy to:

Carmen Castillo Mitchell, Esquire
Assistant United States Attorney
1000 Louisiana Street
Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9541
Email: Carmen.Mitchell@usdoj.gov

## ELECTRONIC CERTIFICATION

I further certify that: (1) required privacy redactions have been made pursuant to 5TH CIR. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5TH CIR. R. 25.2.1; and (3) this document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ James Scott Sullivan*
James Scott Sullivan


## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation pursuant to 5TH CIR. R. 32.3 and FED. R. APP. P. 27(d)(2)(A) in that this motion for authorization to file a successive habeas corpus application does not exceed 13,000 words. According to the WordPerfect X9 word-processing system which I used to prepare this brief, the number of words in this document is 3,561 words.

*/s/ James Scott Sullivan*
James Scott Sullivan